1808.

Lessee of Ross and others *against* Cutshall and others.

*Pittsburg, Wednesday, September 14th.*

THIS was an appeal from the decision of his Honour Judge Brackenridge at a Circuit Court for *Bedford* in *October* 1806.

It was an ejectment for a tract of land to which the defendants had a regular title under the state of *Pennsylvania*, commencing by application in *August* 1766; but the plaintiff claimed under a title derived from *Lord Baltimore* the proprietary of *Maryland*, in the following manner: On the first of *February* 1760 a special warrant was issued to *David Ross* from the land office of *Maryland*, for " Five hundred acres of vacant land in " *Frederick* county, between *Little Meadow* and *Buck Lodge* on " *Potowmac* river *above Fort Cumberland, partly cultivated.*"

On the 30th *April* 1762 a survey was made for *Ross*, the certificate of which stated, that by virtue of a renewed warrant of 4th *February* 1762, two hundred and ninety-five acres were surveyed, called the *Dry Level*, beginning at two white oaks standing on the top of a hill on the west side of *Will's* creek; but the survey said nothing of *Little Meadow* and *Buck Lodge*, or of its being partly cultivated; and it was said to be ten miles from the *Potowmac*, and *below Fort Cumberland.* A patent for this survey was granted by *Lord Baltimore* to *Ross* in *December* 1762.

The land in question being within the state of *Pennsylvania*, the plaintiff's counsel offered in evidence upon the trial, a paper purporting to be the original articles of release &c. between *Lord Baltimore* and *Thomas and Richard Penn* dated 4th *July* 1760, and certified to have been at that time acknowledged before a master, and enrolled in the Chancery of *England;* the object was to shew that the plaintiff's title was protected by the following proviso therein: " Provided that this release shall not " extend to the right of any grantee &c. of lands now in the ac- " tual possession and occupation of such grantee &c. which have " been at any time and in any manner heretofore granted by or " under the authority of the said Lord *Baltimore* or his an- " cestors, but it shall be lawful for such tenants and occupiers

*Articles of agreement between the proprietaries of Pennsylvania and Maryland, settling the boundaries of the two provinces, admitted in evidence without being proved or acknowledged according to the laws of this state; being in the light of a state paper well known to the courts of justice. A survey under a renewed warrant issued from the land office of Maryland in 1762, if the land surveyed is the same called for by a warrant before 4th July 1760, relates to the time of the original warrant, and is protected by the agreement between the proprietaries.*

1808.

Lessee
of
Ross
v.
Cutshall.

" their heirs &c. to hold and enjoy the said lands, paying quit-
" rents &c. to the proprietaries of *Pennsylvania.*"

The admission of this deed was objected to on the part of
the defendant, because it was not proved in any manner known
to the law of *Pennsylvania;* but the objection was overruled.

The defendant's counsel then urged that the plaintiff's war-
rant did not call for the lands surveyed, and therefore did not
attach to them until the 30th *April* 1762; and further, that the
survey was made, not under the original warrant, but under a
distinct warrant of 4th *February* 1762; that consequently, as
the agreement between the proprietaries, by which they mutu-
ally released, was dated 4th *July* 1760, no title which had not
vested at that time was protected by the agreement, particularly
against a regular title derived from the proprietaries of *Penn-
sylvania.* His Honour however charged the jury, that the re-
newed warrant was a continuance of the warrant of 1760, and
that under it a survey of the lands called for by the original
warrant was protected by the articles of 1760. The jury found
for the plaintiff. A motion for a new trial was made and over-
ruled, and the defendants for all the reasons above mentioned
appealed to this court.

*Woods* for the appellants, contended that the articles of 4th
*July* 1760 had been erroneously admitted, without the proof
required by the law of *Pennsylvania;* Act of 1715, 1 *St. Laws*
109.; the certificate and enrolment in Chancery being of no
avail. That even in the case of a deed more than sixty years
old, this court in *The Lessee of Thomas* v. *Horlocker* (a) had
thought some slight proof of the hand writing of one of the wit-
nesses essential to make the deed evidence. He contended fur-
ther that the *Maryland* warrant under which the plaintiff claim-
ed was vague and uncertain, and that no right attached until
survey. But that at all events the land surveyed under the re-
newed warrant was not that called for by the original warrant,
as nothing was said of *cultivation, Little Meadow,* or *Buck Lodge;*
and the weight of the evidence shewed that the land in ques-
tion was wide of these places. That the articles between the
proprietaries only protected grantees and those claiming under

(a) 1 *Dall.* 14.

them who were then in actual possession, which was not the plaintiff's case; and that after Lord *Baltimore* had released to the *Penns*, he had no right to grant to the plaintiff, even in consideration of purchase money before paid. That the verdict was therefore against law and evidence, and there should be a new trial.

*Ross* for the appellees answered that the deed was admissible upon either of two grounds; as an ancient deed, which had been accompanied by possession, *Bull. N. P.* 255. 4 *Com. Dig.* 91. *B.* 2. 12 *Vin.* 84. *Evidence;* or as a public state paper well known to courts, and requiring no proof. That in *The Lessee of Thomas* v. *Horlocker*, possession had not accompanied the deed, which was material. That this deed had been inrolled in Chancery in pursuance of a decree of that court to which it refers. *Penn* v. *Baltimore.* (*a*) That it was found a few years since among the papers of Dr. *Ross*, and in it were sundry questions proposed to *Stephen Bordley*, a gentleman of the law, concerning the effect of the articles upon Lord *Baltimore's* interest, and a rough draft of an opinion in *Bordley's* hand writing, dated 4th *February* 1761. That this was such an account of the deed as brought it within the principle under which ancient deeds are admitted, and made it a stronger case than that of *The Lessee of Hyam* v. *Edwards* (*b*) in which the copy of a deed inrolled in the King's Bench, and proved before the Lord Mayor of *London* to be a true copy, was admitted in evidence by this court.

To the other objections he answered, that the original warrant and the payment of the purchase money gave the plaintiff an equitable title. That the case was not so much against him as it would have been under a *Pennsylvania* warrant, which by its own form required a survey in six months or was void, but nevertheless was allowed to be executed after six months. That Lord *Baltimore* in practice demanded a renewal of the warrant after two years, which then related back to the original warrant, and had the same effect as if there had been no limitation to the time of survey. That whether the survey was on the land called for, was a fact which the jury had decided; and that

(*a*) 1 *Vez.* 444.                         (*b*) 1 *Dall.* 1.

as Lord *Baltimore* was bound to account to the *Penns* for the purchase money received by him, it was obviously against equity for them to vacate the grant, and to receive the money too. That the articles of agreement should be construed liberally; and as the final line between the proprietaries was not run until 1766, the agreement of 1760 should be continued down to that time, and the several agreements and the running of the final line considered as one act. 2 *Com. Dig.* 62, 63. *Hob.* 220. *Holdfast* v. *Clapham* (a), *Vaughan* v. *Atkins.* (b) The defendant's title did not commence till *August* 1766.

In reply it was said that the whole depended upon the articles of 1760. That tenants and occupiers of the land, and grantees, were protected, but that the plaintiff was neither of these; and as the land surveyed by the warrant of 1762 was not called for by the warrant of 1760, the tract in question being ten miles from the *Potowmac* and *below Fort Cumberland*, it followed that to support this survey was actually to allow Lord *Baltimore* to make an entirely new grant after the year 1760, when he had released all his right to the proprietaries of this state.

The opinion of the court was delivered by

TILGHMAN C. J. This cause comes before the court on an appeal from the Circuit Court of *Bedford* county. It was tried 10th *October* 1806, and a verdict found for the plaintiff. The defendants moved for a new trial, and this motion being overruled, they entered their appeal to this court.

The first reason offered for a new trial is, that the Judge who tried the cause admitted in evidence certain articles of agreement between Lord *Baltimore* the proprietary of *Maryland*, and *Thomas* and *Richard Penn* the proprietaries of *Pennsylvania*, dated 4th *July* 1760, which were acknowledged by the parties before a Master in Chancery, and enrolled in the Court of Chancery of *England*, but which had not been proved or recorded in *Pennsylvania*. We are of opinion that this deed was properly admitted in evidence. It was an ancient deed ascertaining the boundaries of the then provinces of *Pennsylva-*

(a) 1 *D. & E.* 600.                    (b) 5 *Burr.* 2785.

*nia* and *Maryland*, and may be considered in the light of a state paper, well known to the courts of justice, and which has been admitted as evidence on former occasions. Even deeds between private persons, thirty years old, and attended with the possession of the land conveyed by them, have been received as evidence without further proof. But this is a much stronger case.

In order to understand the next reason for a new trial, it is necessary to mention the plaintiff's title as proved on the trial. He claimed under a warrant *February* 1st, 1760, from Lord *Baltimore* to *David Ross*, for "Five hundred acres of vacant "land in *Frederick* county, *Maryland*, between *Little Meadow* "and *Buck Lodge* on *Potowmac* river above *Fort Cumberland*, "partly cultivated." This warrant was renewed 4th *February* 1762, and a survey of two hundred and ninety-five acres was made 30th *April* 1762, being the land in dispute. This land was granted to *D. Ross* by patent from Lord *Baltimore* 25th *December* 1762. We think there is great reason to suppose that the land surveyed does not answer the description in the warrant. The case depends upon the articles of agreement 4th *July* 1760 between Lord *Baltimore* and the *Penns*. By these articles the estates of all persons were protected, who had, *before that time*, acquired title by any kind of grant from Lord *Baltimore* or his ancestors. The question then is, had Lord *Baltimore* made a grant to *David Ross* prior to 4th *July* 1760? If the original warrant had called for the land afterwards surveyed, we think that the title of *Ross* would have related to the date of that warrant, although the survey was not made until some years after, provided the warrant had been renewed according to the practice of the land office of *Maryland*. But supposing as we do, that the warrant did not call for the land surveyed, the grant to *Ross* cannot be said to commence before the time of the survey viz. 30th *April* 1762, and is therefore a mere nullity. We can find nothing in the articles of agreement between the proprietaries, to establish a title of this kind to land in this state, against a person who, like the defendants, afterwards acquired a regular title from the proprietaries of *Pennsylvania*. Whether the land in dispute was called for by the warrant, was a matter of fact which the jury decided in favour of the plaintiff. But agreeably to our usual practice, we

1808.

Lessee
of
Ross
*v.*
CUTSHALL.

1808.

Lessee
of
Ross
*v.*
CUTSHALL.

think it proper to order a new trial, because it appears to us that the weight of the evidence was strongly against the verdict.

Judgment reversed, and
New Trial ordered.